09-5187-ag
Lin v. Holder

BIA
A078 198 985

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 4th day of March, two thousand eleven.

PRESENT:
> JOHN M. WALKER, JR.,
> REENA RAGGI,
> GERARD E. LYNCH,
> > *Circuit Judges.*

_____

XIN FENG LIN,
> *Petitioner,*

v.                                          09-5187-ag
                                            NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:          Thomas V. Massucci, New York, New York.

FOR RESPONDENT:          Tony West, Assistant Attorney General; Jennifer L. Lightbody, Assistant Director; Todd J. Cochran, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Xin Feng Lin, a native and citizen of the People's Republic of China, seeks review of a November 19, 2009 order of the BIA denying his motion to reopen his removal proceedings. *In re Xin Feng Lin*, No. A078 198 985 (B.I.A. Nov. 19, 2009). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *See Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006). An alien who has been ordered removed may file one motion to reopen, but must do so within 90 days of the final administrative decision. 8 U.S.C. § 1229a(c)(7). Here, the BIA did not abuse its discretion in denying Lin's motion to reopen as untimely and number-barred, as it was his second motion to reopen and was filed more than six years after his December 2002 final order of removal. *See id.;* 8 C.F.R. § 1003.2(c)(2).

The BIA reasonably concluded that Lin failed to establish changed country conditions such that the time and

2

number limits on his motion to reopen should be excused. *See* 8 U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.2(c)(3)(ii). We find no abuse of discretion in its determination that Lin failed to point to evidence in the record establishing that the Chinese government's current treatment of pro-democracy activists differed from their treatment at the time of his merits hearing. *See In re S-Y-G-*, 24 I. & N. Dec 247, 253 (B.I.A. 2007) (holding that, "[i]n determining whether evidence accompanying a motion to reopen demonstrates a material change in country conditions that would justify reopening, we compare the evidence of country conditions submitted with the motion to those that existed at the time of the merits hearing below"). Moreover, there was no abuse of discretion in the Board's failure to recognize a change in country conditions with regard to the Chinese government's treatment of individuals engaged in pro-democracy activities outside of China. Because Lin's pro-democracy activities in the United States were a change in personal circumstances, the BIA did not err in considering only whether there was a change in country conditions with regard to the Chinese government's treatment of pro-democracy activists in general. *See* 8 C.F.R.

3

§ 1003.2(c)(3)(ii); *Yuen Jin v. Mukasey*, 538 F.3d 143, 155 (2d Cir. 2008) (noting that aliens who have been ordered removed are not permitted "to disregard [those] orders and remain in the United States long enough to change their personal circumstances (*e.g.*, by having children or practicing a persecuted religion) and initiate new proceedings via a new asylum application"). Therefore, because substantial evidence supports the BIA's determination that Lin failed to establish changed country conditions, *see* 8 C.F.R. § 1003.2(c)(2), (c)(3)(ii); *see also Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir. 2008) (holding that when BIA considers relevant evidence of country conditions in evaluating motion to reopen, this Court reviews BIA's factual findings under substantial evidence standard), the BIA did not abuse its discretion by denying Lin's motion.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with

4

Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk